# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

Lavert Poole AKA Lavert Farris v.                              **ORDER OF DETENTION PENDING TRIAL**
*Defendant*                                                   Case Number: 12-30095

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/9/12
*Date*                                                    *Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This is a presumption case. Defendant is charged by way of an indictment emanating out of the Western District of Virginia with Conspiracy to Possess with Intent to Distribute Oxycontin (5000 Oxycodone pills) alleging acts from January 2005 - August 2011.

Defendant has family and friends in Virginia, and has traveled mailed more than 30 packages on numerous occasions between Detroit and Virginia in furtherance of his involvement in the alleged conspiracy. Defendant also has strong family ties to this district.

Defendant is currently on probation in the Oakland County (Rochester Hills). Since September, 2011 he has been in absconder status with his probation officer, and on January 4, 2012 a criminal bench warrant was issued citing Defendant for Contempt of Court for failure to appear. Defendant has 13 outstanding warrants for his failures to appear in other courts from 2008 - 2012, most of which are in conjunction with misdemeanor traffic offenses.

Defendant admits to regular marijuana usage.

Defendant is unemployed and suffers from epilepsy but takes medication for his disease. He receives $750 monthly in Social Security Disability benefits. He has no assets and his only liability is his cell phone bill.

Defendant is 26 years old, single, unemployed, with one son and a girlfriend. Defendant has been living with his mother and father for the past two months. Prior to that he lived on Woodmont in Detroit for one year, and on Edinborough in Detroit for the previous six years. He has nine siblings that live in Michigan.

Defendant requests a bond and argues that he will continue to live with his mother and father and will appear at his court hearings in Virginia. The government argues that although Defendant has no felony convictions, he has 13 warrants for failures to appear on his long list of misdemeanor charges, is currently an absconder from supervision, is the subject of a criminal bench warrant in Rochester Hills, and may be violated there as a result of the instant indictment.

Pretrial Services has issued a report and recommendation for bond. However the Pretrial Services report neither addresses the presumption issue under 18 USC Section 3142 (e)(2) nor does it mention that Defendant has been in absconder status with his supervising probation officer in the district court in Rochester Hills since September, 2011.

At the detention hearing, although the Defendant argued for his release on bond with conditions, there was nothing presented to the Court which sufficiently rebutted the presumption in favor of detention. Certainly Defendant's pattern of failing to appear at more than 13 scheduled court hearings, resulting in 13 currently active warrants, does not argue against the presumption of detention. Defendant's current probation absconder status does not argue against the presumption. Defendant's January 4, 2012 active criminal bench warrant does not assist Defendant in rebutting the presumption. In short, the Court has been presented with nothing that successfully rebuts the presumption of detention.

Because Defendant is currently under supervision with an active criminal bench warrant for his failure to appear in Rochester Hills District Court, because he is in absconder status with his current probation officer, because he has 13 active warrants for failures to appear dating back to 2008 and earlier, and because this is a presumption case under the statute for which no argument has been made that sufficiently rebuts the presumption of detention, this Court finds that there is no condition or combination of conditions that would assure Defendant's appearance in Court. Therefore Detention is Ordered.